IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGIA LOFTON, | ) | CASE NO. 1:15cv00486 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM AND ORDER |
| HERBERT HINTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court in order to assess whether Plaintiff is entitled to relief,

damages, costs and attorney's fees against the Defendant for alleged violations of the Fair

Housing Act, (hereafter referred to as the "FHA"), Title VIII of the Civil Rights Act of

1968, 42 U.S.C. §§3604 and 3617, and the Ohio Civil Rights Act, O.R.C. §4112.01, *et seq.*

A Default Judgment was entered against Defendant on May 6, 2015. (ECF #17). For the

reasons set forth below, it is this Court's opinion that Plaintiff is not entitled to monetary

damages or injunctive relief, however, Plaintiff is entitled to recover attorney's fees and

costs.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint, filed March 13, 2015, states that she had been living in a

property located at 3273 East 103d Street in Cleveland, Ohio, since April 2013. (ECF #1,

¶7). This property is owned by Defendant, who also acts as the landlord for this property.

*Id.* at ¶5.  Plaintiff alleges in her Complaint that "[i]n February of 2015, prior to the end of the lease, defendant proposed sex in lieu of rent which was refused by the Plaintiff." *Id.* at ¶12.  Plaintiff further alleges that after she refused Defendant's advances, he instituted eviction proceedings as retaliation against her.  *Id.* at ¶22-23.  The Complaint alleges that Defendant's sexual advances and claimed inappropriate comments constituted violations of the FHA and O.R.C. §4112.01 *et seq.*  Plaintiff also filed a Motion for Temporary Restraining Order and for a Preliminary Injunction on March 13, 2015 to halt the eviction process.  (ECF #2).

This Court held a hearing on March 17, 2015 and Plaintiff's Motion for a Temporary Restraining Order against Defendant was granted.  (ECF #6).  Defendant did not appear at this hearing although he was notified of the date and time of the hearing.  Subsequently, a hearing to decide the Motion for Preliminary Injunction was held on March 25, 2015.  All parties were present, and agreed that the Preliminary Injunction was moot because Defendant agreed to withdraw his eviction complaint against Plaintiff.  (ECF #8; ECF #16. p. 3).

Defendant did not properly withdraw the eviction complaint in Municipal Court,[1] nor did Defendant file an Answer, respond to discovery requests or retain counsel in this case.  Therefore, on April 15, 2015, Plaintiff filed a Motion for Default Judgment against Defendant.  This Court conducted a hearing on May 6, 2015 and Default Judgment was

---

[1] The eviction was eventually dismissed on March 31, 2015.

-2-

entered against the Defendant on this date.  Therefore, pursuant to Rule 55 of the Federal

Rules of Civil Procedure, Defendant is deemed to have admitted all allegations in

Plaintiff's Complaint.  (ECF #17).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that after a default

judgment is entered against a party, the Court may hold a hearing to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by the evidence; or
(D) investigate any other matter. Fed.R.Civ.Pro. 55(a)(2)(A-D).

Therefore, on May 20, 2015, this Court held a hearing on Plaintiff's application for

damages.  Both Plaintiff and Defendant testified during this hearing.  Pursuant to this

Court's request, Plaintiff subsequently filed her Proposed Findings of Fact and

Conclusions of Law.  (ECF #24).  Defendant has not filed an opposition to these proposals

or to any other form of responsive pleading.

LEGAL ANALYSIS

Most of the evidence in this matter was obtained through the testimony of Plaintiff

and Defendant during the May 20, 2015 damages hearing.  Since the Defendant was

already found to be in default, the only issue at the hearing was whether Plaintiff is entitled

to damages and/or relief based upon the allegations in her Complaint.

A.  Damages Pursuant to the Fair Housing Act Claims

1.  Sexual Harassment Claims

Plaintiff's Complaint alleges that Defendant's sexually harassing comments and

-3-

behavior violated the FHA, which provides in relevant part that "it is unlawful...to refuse to sell or rent...a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §3604(a). The Default Judgment renders Defendant liable for these allegations. However, the Plaintiff retains the burden of proving by a preponderance of the evidence that she is entitled to compensatory and/or punitive damages as stated in her Complaint.

It has long been held in this District, and subsequently in many others, that sexual harassment can be an actionable form of housing discrimination. *See, e.g. Shellhammer v. Lewallen*, 770 F.2d 167 (6th Cir. 1985). Section 3613(c)(1) of the FHA provides that "if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages." Compensatory damages may be awarded under the FHA for emotional distress, humiliation, embarrassment, mental anguish and out-of-pocket expenses caused by a defendant's violations of the law. *See U.S. v. Matusoff Rental Co.*, 494 F.Supp.2d 740 (S.D. Ohio 2007)(*quoting Green v. Century 21*, 740 F.2d 460, 464 (6th Cir. 1984).

Specifically, Plaintiff alleged in her Complaint that she "suffered and will continue to suffer substantial emotional distress, loss of personal respect, denial of equal property rights, denial of equal contract rights, and other personal and professional losses." (ECF #1 at §26). Plaintiff had the burden of proving, by a preponderance of the evidence, that she incurred such damages in this case. However, Plaintiff has not met this burden.

-4-

It is a well-established principle that in order to recover damages in civil matters, a Plaintiff must prove that the Defendant's actions proximately caused injury or loss to the Plaintiff. *See, e.g., Strother v. Hutchinson*, 67 Ohio St.2d 282, 287 (1981).  This District has invoked this principle when deciding cases involving allegations of fair housing violations where a default judgment was granted against defendant as to liability. *See, e.g. Garnett v. Pearson*, 1997 WL 374748 (N.D. Ohio 1997)(stating that "[t]he court finds that no persuasive evidence was presented to establish that the conduct of the defendant was the proximate cause of actual physical harm to the plaintiff."). Therefore, absent evidence showing proximate cause, this Court cannot award compensatory damages to Plaintiff.

The testimony and evidence presented at the damages hearing provides the basis by which this Court can determine whether Defendant's actions proximately caused an injury to Plaintiff in this matter.  The testimony provided by Plaintiff and Defendant illustrates a typical "he-said...she-said" scenario regarding the facts and circumstances surrounding their sexual relationship as well as their landlord/tenant relationship.  In light of conflicting testimony, it is this Court's duty to weigh the evidence, including the demeanor and credibility of the witnesses, to determine whether Plaintiff has proven an injury.

This Court will refrain from listing the specific sexual acts Plaintiff testified she engaged in with Defendant repeatedly over the course of at least one year. (*See* ECF # 21, pp.9-10).  However, Plaintiff and Defendant both testified that the sexual activities began on the day Plaintiff signed the first lease and continued "off and on" for a period of time.

*Id.* at pp.19-20 and 35.  That being said, the discrepancies in their testimony are many, a few being:

> - Plaintiff testified she felt "taken advantage of," (*Id.* at p.11), however, Defendant testified that it was Plaintiff who initiated and then continued the sexual relationship. *Id.* at pp. 35-36.
>
> - Plaintiff testified that she felt pressured to first engage in sexual relations with Defendant, (*Id.* at p.18), however, Defendant testified that Plaintiff "approached me with that" and "gave me the sex." *Id.* at p. 35.
>
> - Plaintiff testified that the physical relationship with Defendant continued during the 2013-2014 lease period because "[i]t was, like, to get him off my back..." *Id.* at p.19. However, Defendant testified that during the same time period, "[plaintiff] calling me all the time wanting me to come over.  Every time I come over, we continue to keep doing it....So after that year was about over with, we stopped having sex." *Id.* at p. 35-36.

After hearing this testimony and questioning the parties, the Court stated to Plaintiff's counsel:

> "...I listened very carefully to Ms. Lofton's testimony.  I tried to make sense of the things that she said, and some things are consistent with what your position is, and some things are not... And it is the same thing, I listened to Mr. Hinton and listened to what he had to say, and I can't go into the minds of individuals when they meet together and make a decision to do different things and carry on a relationship, whether - she even said in her testimony that it was consensual, and that maybe it was something different, but I have to have evidence of it if I am going to make a finding that would be by a preponderance of the evidence, and I say, based on everything that I have, I simply do not have that evidence." *Id.* at p. 54.

Aside from this conflicting testimony, Plaintiff did not produce, or even argue, that she incurred out-of-pocket expenses or other monetary losses in this matter. There was no testimony or other evidence presented that could provide a basis for calculating or awarding such monetary damages. As it relates to Plaintiff's claims of emotional distress, humiliation, embarrassment or mental anguish, under federal law, the Court will not presume emotional distress and a plaintiff must provide competent evidence of such damages. *Fischer v. United Parcel Serv., Inc.*, 390 Fed.Appx. 465, 472 (6th Cir. 2010). In some cases, "[p]laintiff's testimony, along with the circumstances of a particular case, can suffice to sustain a Plaintiff's burden in this regard." *see e.g. Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996). However, this Court does not find that such testimony or circumstances exist in this matter.

That being said, this Court looks to other evidence in an attempt to calculate damages. Plaintiff's sister testified at the damages hearing, but merely indicated that Defendant "pops up without calling" (at the rental property) and recounted what Plaintiff told Counsel during a meeting. (ECF #21, pp. 29-30). This testimony does not provide support to substantiate Plaintiff's damages claims.

Similarly, a review of the pleadings does not help substantiate Plaintiff's damages claims. The Complaint specifically states that "Plaintiff has been <u>successful in repelling</u> sexual demands by the defendant" and that "defendant proposed <u>sex in lieu of rent which was refused by</u> the plaintiff." (ECF # 1 at ¶¶11-13)(emphasis added). However, at the

hearing, Plaintiff testified repeatedly and in great detail that the parties had a continuing sexual relationship "off and on" from the day she signed the first lease in April 2013 through April 2014. (ECF #21, pp. 19-20). Plaintiff's testimony is vastly inconsistent with the allegations in her Complaint and therefore raises questions as to the veracity and credibility of her claims and testimony.

The evidence before this Court and the testimony presented at the damages hearing are not sufficient to meet Plaintiff's burden of proving injury or damages under the FHA. As this Court indicated to Plaintiff during the hearing:

> "So I have to decide, I guess, what the circumstances were, and I have two completely different situations here about one person saying that there was a relationship, that it was voluntary, the other person saying it was not without warrant. I can't - you are bound to prove that by a preponderance of the evidence, and I don't find it at this point." *Id.* at 51.

For these reasons, this Court does not find that Plaintiff is entitled to compensatory damages on the sexual harassment claim against Defendant.

2.      Retaliation Claim

Plaintiff's Complaint also alleges that in February of 2015, "in lieu of sex and in retaliation for plaintiff's refusal to provide sex," Defendant increased the rent. (ECF #1, ¶¶14-23). Plaintiff testified that she did not agree to the increase in rent and therefore, a new lease was not signed, causing Defendant to file for eviction in March 2015. *Id.* at 23, 26. These allegations are deemed true by way of the Default Judgment, and the issue now

is whether Plaintiff is entitled to damages under a retaliation theory.

This district has held that where a defendant is found to have retaliated against a plaintiff in an FHA case, the plaintiff needs to prove only that they suffered a non-quantifiable injury at the hands of the defendant to justify an award of nominal damages. *Hamad v. Woodcrest*, 328 F.3d 224 (6th Cir. 2003)(citations omitted).

Plaintiff has failed to prove that her interactions with Defendant relating to lease renewals caused her actual or "non-quantifiable" injuries or damages. *See Hamad, supra.* In fact, the objective evidence before this Court indicates that the only time Plaintiff sought legal counsel or physical protection was after the eviction proceedings began. *Id.* at pp. 25-27. Plaintiff still resides at this property today, after entering into a third lease with the Defendant for 2015-2016 immediately following the damages hearing. *Id.* at p.32. Therefore, Plaintiff has not proven by a preponderance of the evidence that she is entitled to recover compensatory damages under the retaliation claim.

Plaintiff also alleges that she is entitled to punitive damages from Defendant. It has been held that "[p]unitive damages may be awarded in Fair Housing cases where the defendant acted with malice or reckless indifference that their actions might violate a federal statute of which they were aware." *Hamad, supra.* However, it is well-established that an award of compensatory damages is a necessary predicate for an award of punitive damages. *See, e.g. Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440 (1996). Having ruled that Plaintiff failed to prove that she is entitled to compensatory damages,

Plaintiff is therefore not entitled to punitive damages in this matter.

     B.     "Other" Relief under FHA

Plaintiff's Complaint also asks for injunctive and/or other relief under Section

3613 of the FHA. Specifically, Section 3613(c)(1)(d) provides that a court:

> "may grant as relief, as the court deems appropriate, any
> permanent or temporary injunction, temporary restraining
> order, or other order (including an order enjoining the
> defendant from engaging in such practice or ordering such
> affirmative action as may be appropriate.)"

Most of Plaintiff's claims in this regard asked this Court to restrain the Defendant

from actions relating to the eviction that was filed in March 2015. (ECF #1, B and C).

These issues have since been resolved and are no longer before this Court. The other relief

sought by Plaintiff is for this Court to order Defendant to engage in a housing compliance

monitoring system, fair housing educational programs and to use certain language and

logos in future advertisements. *Id*. at D.

This Circuit has determined that in FHA cases, a Plaintiff must satisfy a four-factor

test before a Court may grant a permanent injunction. *See, e.g. Matusoff, supra* at 756. The

first thing a plaintiff must demonstrate is that she has suffered an irreparable injury. *Id*.

This Court has already outlined that Plaintiff has not proven that Defendants alleged

actions caused an injury. Accordingly, it is not necessary to discuss the other three factors

required for injunctive relief in this matter.

C.      Ohio Revised Code Chapter 4112 *et seq.* Claims

Plaintiff also brings her claims under Ohio Revised Code §4112.02(H)(1), which

proscribes discrimination on the basis of gender in connection with the provision of

housing. The Default Judgment against Defendant renders him liable to Plaintiff under this

statute. Therefore, to determine if Plaintiff is entitled to damages under state law, this

Court looks to O.R.C. §4112.99, which provides that anyone who "violates this chapter is

subject to a civil action for damages, injunctive relief, or any other appropriate relief." The

Supreme Court of Ohio has held that the word "damages" in R.C. 4112.99 includes both

compensatory and punitive damages. *Rice v. CertainTeed Corp.*, 84 Ohio St.3d 417, 418,

704 N.E.2d 1217 (1999).

When interpreting O.R.C. Chapter 4112, courts in Ohio have looked to analogous

federal statutes and case law for guidance. *See Miami Valley Fair Housing Center, Inc. v.

Connor Group*, 725 F.3d 571 (6th Cir. 2013)(citations omitted). Therefore, this Court may

rely upon federal case law under the FHA when evaluating Plaintiff's claims for relief

and/or damages under O.R.C. §4122.09. It has already been established that Plaintiff failed

to prove by a preponderance of the evidence that she is entitled to damages under the FHA,

and therefore, Plaintiff's claims under O.R.C. §4112.02(H)(1) also fail.

D.      Attorney's Fees and Costs

The Fair Housing Act provides that "the court, in its discretion, may allow the

prevailing party...a reasonable attorney's fee and costs." 42 U.S.C. §3613(c)(2). In fact,

this district has found that where there are no special circumstances, the court does not merely have the right to award attorney's fees, but in fact *must* award them. *See Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. Of Educ.*, 360 F.3d 604, 611(6th Cir. 2004) (citations omitted).  No "special circumstances" have been argued by Defendant by which to deny attorney's fees or costs, nor does this Court find that any such circumstances exist. *See, e.g., Keene v. Zelman*, 337 Fed. App'x 553 (6th Cir. 2009).

Therefore, as the prevailing party, Plaintiff is entitled to recover reasonable attorney's fees and costs in this matter.  Plaintiff's counsel is instructed to submit a detailed summary of the costs and fees incurred while representing Plaintiff in this matter within 14 days.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATE: July 21, 2015